**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 10 CV 2812** |
| v. | ) | **04 CR 950** |
| | ) | |
| **DEBORAH A. AHMAD BEY,** | ) | **Judge Rebecca R. Pallmeyer** |
| **also known as Deborah Dunn** | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Deborah A. Ahmad Bey ("Ahmad Bey"), also known as Deborah Dunn, was convicted by a jury in 2006 on seven counts of making false statements in a bankruptcy proceeding. Judge Andersen of this court sentenced her to three months in custody. She appealed, and the Seventh Circuit affirmed her conviction but vacated the three-month sentence as "unreasonably low." On remand, Judge Andersen imposed a two-year sentence. Ahmad Bey appealed that sentence, as well, but the appeal process ended with the United States Supreme Court's denial of certiorari in February 2009. In April 2010, Ahmad Bey filed a *pro se* motion to vacate her conviction and sentence pursuant to 28 U.S.C. § 2255, raising 14 grounds upon which she contends she is being held illegally. The government moves to dismiss her petition as untimely. For the reasons set forth below, the motion is granted, and Ahmad Bey's § 2255 petition is dismissed.

## BACKGROUND

In October 2004, Petitioner Ahmad Bey was charged with seven counts of making false statements in a bankruptcy proceeding in violation of 18 U.S.C. § 152(3). (Government's Resp. in Opp'n to Pet'r's Mot. to Vacate Her Conviction and Sentence Pursuant to 28 U.S.C. § 2255 (hereinafter "Gov't Resp.") ¶ 2.) Ahmad Bey represented her self at trial, and on April 12, 2006, a jury found her guilty of all seven counts. (Gov't Resp. ¶ 2.) In September of that year, the court sentenced her to a term of three months in prison, followed by supervised release, and ordered payment of restitution of $132,486. (*Id.*) Ahmad Bey appealed her convictions. (Gov't Resp. ¶ 3.) On August 3, 2007, the Seventh Circuit affirmed the convictions but, on the government's cross-

appeal, remanded the case for re-sentencing. *United States v. Ahmad Bey*, 244 F. App'x 57, 61 (7th Cir. 2007) (calling the sentence "unreasonably low"). On January 10, 2008, the district court re-sentenced Ahmad Bey to two years' imprisonment, and the Seventh Circuit affirmed. (Gov't Resp. ¶ 4.)

Ahmad Bey timely filed a petition for a writ of certiorari in the U.S. Supreme Court, challenging the Seventh Circuit's order. (Gov't Resp. ¶ 5.) In *Bey v. United States*, 553 U.S. 1016 (2008), the Supreme Court granted her petition, vacated the order, and remanded the case to the Seventh Circuit for reconsideration in light of *Gall v. United States*, which made clear that "if the sentence is outside the Guidelines range, the [appellate] court may not apply a presumption of unreasonableness." 552 U.S. 38, 51 (2007). The Seventh Circuit stood by its decision upholding the two-year sentence, however, and later denied Ahmad Bey's petition for rehearing *en banc*. *United States v. Ahmad Bey*, 289 F. App'x 954, 955 (7th Cir. 2008). Ahmad Bey again sought review in the U.S. Supreme Court, but the court denied her request for a writ of certiorari on February 23, 2009, *Ahmad Bey v. United States*, 129 S. Ct. 1393 (2009), and then on May 4, 2009, denied her request for rehearing. *Ahmad Bey v. United States*, 129 S. Ct. 2180 (2009).

On April 29, 2010, Ahmad Bey placed her motion to vacate her conviction and sentence, pursuant to 28 U.S.C. § 2255, into the prison mail system at the Metropolitan Correctional Center in Chicago. (Gov't Resp. ¶ 7.) The motion was postmarked April 30, 2010, and was filed in the district court on May 5, 2010. (*Id.*)

## DISCUSSION

A one-year period of limitation applies to motions made pursuant to 28 U.S.C. § 2255, starting on one of four dates. 28 U.S.C. § 2255(f). In this case, Plaintiff was required to file no later than one year after "the date on which the judgment of conviction becomes final." § 2255(f)(1). Although the statute does not define what constitutes "final," there is ample case law in the Seventh Circuit on this topic. "[F]inality attaches for purposes of the one-year limitations period of

§ 2255[(f)(1)] when the Supreme Court affirms on the merits on direct review or denies certiorari, or the time for filing a certiorari petition expires, not the later date when the Court denies a petition for rehearing a denial of certiorari or the time for filing such a petition expires." *Robinson v. United States*, 416 F.3d 645, 646 (7th Cir. 2005) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)). In *Robinson*, the Seventh Circuit found that the district court properly denied a § 2255 motion as untimely when the petitioner filed it more than one year after the U.S. Supreme Court denied his petition for certiorari. *Id.* at 650-51.

Ahmad Bey's (second) petition for writ of certiorari was denied by the Supreme Court on February 23, 2009. She submitted her § 2255 motion on April 30, 2010, more than two months past the one-year deadline of February 23, 2010. Like the petitioner in *Robinson*, Ahmad Bey presumably relied on the date that the Supreme Court denied her petition for rehearing (May 4, 2009), but *Robinson* makes clear that date is *not* when the judgment becomes final. *Robinson*, 416 F.3d at 646. Citing Supreme Court Rule 16.3 and the conclusion reached in other Circuits, the Seventh Circuit has affirmed dismissal on timeliness grounds in several cases similar to this one. *See Horton v. United States*, 244 F.3d 546, 551 (7th Cir. 2001) (§ 2255 petition filed one year and two days after denial of certiorari deemed untimely); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (§ 2255 petition filed one year and one day after denial of certiorari deemed untimely). Under this controlling authority, Ahmad Bey's habeas petition must be dismissed as filed more than two months late.

In response to the government's argument, Ahmad Bey suggests that equitable tolling may apply to § 2255 motions. Ahmad Bey is correct that the statute of limitations is subject to equitable tolling. *See Nolan v. United States*, 358 F.3d 480, 483 (7th Cir. 2004). To be entitled to such relief, however, Ahmad Bey would have to show that (1) she has been pursuing her rights diligently, and (2) extraordinary circumstances prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). Ahmad Bey suggests she has met

the first prong of this test by pursuing her rights diligently; she cites *United States v. Moore* for the proposition that in the absence of express limitations period, a petitioner need only demonstrate "reasonable diligence in presenting his claim." 166 F.2d 102, 105 (7th Cir. 1948). In this proceeding however, there is indeed an express time frame for filing motions to vacate or set aside convictions: one year. 28 U.S.C. § 2255(f).

In any event, regardless of whether Ahmad Bey's efforts can be characterized as diligent, it is apparent that she has failed to establish extraordinary circumstances preventing timely filing. She identifies only the following circumstances as preventing her from filing earlier: (1) she was not notified of Circuit Court Rule 54; (2) she is currently serving time in the Metropolitan Correctional Center, where she is given only two to three hours per week to pursue legal matters; and (3) she was indicted on March 2, 2010, on a related offense. (Pet'r's Reply to Gov't's Resp. at 5.) None of these circumstances can be characterized as "extraordinary," however. "Equitable tolling is granted sparingly, where extraordinary circumstances beyond the litigant's control prevented timely filing; a mistaken understanding about the deadline for filing is not grounds for equitable tolling." *Robinson*, 416 F.3d at 650 n.1. Under this standard, Ahmad Bey's first circumstance—not being notified about a rule—is insufficient because it falls into the category of "mistaken understanding." *Id.* The second circumstance she invokes—limited access to legal resources—is similarly insufficient; all individuals who file § 2255 motions are incarcerated at the time and many are not represented by counsel. *See, e.g.*, *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001) ("[H]abeas relief, by definition, is almost always sought by an incarcerated petitioner, and we decline to find that this circumstance is so extraordinary as to warrant the application of [the equitable tolling doctrine]."). Ahmad Bey's third circumstance—that she has been indicted on another related offense—has no bearing on her current sentence. Equitable tolling is not warranted in this case.

Ahmad Bey also quotes *McKinney v. United States* for the proposition that "tardiness is irrelevant where a constitutional issue is raised and where the prisoner is still confined." 208 F.2d

844, 846-47 (D.C. Cir. 1953). But *McKinney* dealt with a prisoner, confined for fifteen years before challenging his conviction, who alleged he had not received assistance of counsel at any stage of his criminal prosecution. *Id.* at 846. Ahmad Bey's case presents no comparable constitutional issue. Moreover, *McKinney* interpreted a previous version of § 2255, which provided that "[a] motion for such relief may be made at any time." 28 U.S.C. § 2255 (1994). Congress amended § 2255 in 1996, removing that language and replacing it with the one-year limitations period. Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, § 105, 110 Stat. 1214, 1220.

Because the court deems the § 2255 petition untimely, it declines to address Ahmad Bey's arguments on the merits.

## <u>CONCLUSION</u>

For the reasons set forth above, Ahmad Bey's motion to vacate her conviction and sentence pursuant to 28 U.S.C. § 2255 is denied.

ENTER:

Dated: October 17, 2011

_____
REBECCA R. PALLMEYER
United States District Judge